Stip does not directly affect confirmed plan.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Herman Agoyo<br>Tailinh F. Agoyo<br>    Debtors | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>    Movant<br>vs. | NO. 18-17456 ELF |
| Herman Agoyo<br>Tailinh F. Agoyo<br>    Debtors | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>    Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is $4,555.05, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 13, 2019 to January 13, 2020 at $418.67/month |
| Suspense Balance: | $50.32 |
| **Total Post-Petition Arrears** | **$4,555.05** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). On or before January 31, 2020, the Debtor shall make a down payment in the amount of $450.00;

a). Beginning on February 13, 2020 and continuing through July 13, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of $418.67 on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the thirteenth (13th) day of each month, plus an installment payment of **$684.18 from February 13, 2020 to June 13, 2020 and $684.15 for July 13, 2020** towards the arrearages on or before the last day of each month at the address below;

TMCC
P.O. BOX 5855
CAROL STREAM, IL 60197-5855

b). Maintenance of current monthly loan payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 23, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 2/5/2020

David M. Offen, Esquire
Attorney for Debtors

Date: 2/7/20

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights and remedies.

~- 2 -

# O R D E R

Approved by the Court this __12th__ day of __February__, 2020.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank