```
                          United States Bankruptcy Court
                          Eastern District of Pennsylvania
```

In re:                                                              Case No. 18-17456-elf
Tailinh F Agoyo                                                     Chapter 13
Herman Agoyo
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Antoinett           Page 1 of 1           Date Rcvd: Feb 12, 2020
                              Form ID: pdf900           Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 14, 2020.
db            #+Tailinh F Agoyo,    P.O. Box 725,    Conshohocken, PA 19428-0725
jdb           #+Herman Agoyo,    P.O. Box 725,    Conshohocken, PA 19428-0725

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 14, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 12, 2020 at the address(es) listed below:
              DAVID M. OFFEN    on behalf of Joint Debtor Herman  Agoyo dmo160west@gmail.com,
               davidoffenecf@gmail.com;offendr83598@notify.bestcase.com
              DAVID M. OFFEN    on behalf of Debtor Tailinh F Agoyo dmo160west@gmail.com,
               davidoffenecf@gmail.com;offendr83598@notify.bestcase.com
              REBECCA ANN SOLARZ    on behalf of Creditor   Toyota Motor Credit Corporation
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                               TOTAL: 5

Stip does not directly affect confirmed plan.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Herman Agoyo<br>Tailinh F. Agoyo<br>    Debtors | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>    Movant<br>vs. | NO. 18-17456 ELF |
| Herman Agoyo<br>Tailinh F. Agoyo<br>    Debtors | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is $4,555.05, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 13, 2019 to January 13, 2020 at $418.67/month |
| Suspense Balance: | $50.32 |
| **Total Post-Petition Arrears** | **$4,555.05** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). On or before January 31, 2020, the Debtor shall make a down payment in the amount of $450.00;

a). Beginning on February 13, 2020 and continuing through July 13, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of $418.67 on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the thirteenth (13th) day of each month, plus an installment payment of $684.18 from February 13, 2020 to June 13, 2020 and $684.15 for July 13, 2020 towards the arrearages on or before the last day of each month at the address below;

TMCC<br>
P.O. BOX 5855<br>
CAROL STREAM, IL 60197-5855

b). Maintenance of current monthly loan payments to the Movant thereafter.

- 1 -

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 23, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 2/5/2020

David M. Offen, Esquire
Attorney for Debtors

Date: 2/7/20

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights and remedies.

- 2 -

**O R D E R**

Approved by the Court this __12th__ day of __February__, 2020.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank

- 3 -